IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. STEELE, | No. CIV S-10-0138-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| RUSSELL W. MILLER, JR, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges his criminal defense attorney and investigator failed to provide him an adequate defense, were negligent and incompetent.  In addition, he claims they defrauded him by taking his money and failing to provide him with the agreed upon services.  He claims these acts violated his Fifth, Sixth, Eighth and Fourteenth Amendment rights.

## II. DISCUSSION

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.  "Traditionally, the requirements for relief under [§] 1983 have been articulated as (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  Generally, plaintiffs are required to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."  Gibson v. United

1  States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also WMX Techs., Inc. v. Miller, 197 F.3d 367,
2  372 (9th Cir. 1999) (en banc).  Public defenders, acting as an advocate for their client, are not
3  acting under color of state law for § 1983 purposes.  See Georgia v. McCollum, 505 U.S. 42, 53
4  (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (1981).
5              Plaintiff's complaint names only his criminal defense attorney, Russell W. Miller,
6  Jr., and his defense attorney's investigator, Michael J. O'Kelly.  It appears from the complaint
7  that defendant Miller was retained by Plaintiff to represented Plaintiff in a criminal matter.
8  Plaintiff, now unhappy with the outcome of his criminal proceedings, alleges the defendants
9  defrauded him out of his money by failing to provide the services agreed to.  The defendants,
10 hired by Plaintiff to represent him in his state criminal proceedings, were acting as advocates for
11 Plaintiff.  There is nothing in the complaint to indicate that any of the defendants were state
12 actors, acting under color of state law.  Rather, it is clear that they are private defense attorneys
13 and support staff, hired to represent Plaintiff at trial.  Plaintiff therefore cannot state a claim
14 under § 1983 against them.
15             The undersigned finds that Plaintiff fails to state a claim upon which relief can be
16 granted because the only named defendants were not acting under color of state law.

### III.  CONCLUSION

19             Based on the foregoing, the undersigned recommends that this action be dismissed
20 for Plaintiff's failure to state a claim upon which relief can be granted.  Because it does not
21 appear possible that the deficiencies identified herein can be cured by amending the complaint,
22 plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v.
23 Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
24             These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days
26 after being served with these findings and recommendations, any party may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 1, 2010

                                                            _____
                                                            **CRAIG M. KELLISON**
                                                            UNITED STATES MAGISTRATE JUDGE